# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 2:08-cr-94-DBH |
| | ) | |
| CAMERON CAMIRE, | ) | |
| Defendant | ) | |

## ORDER ON MOTION TO REDUCE SENTENCE

The defendant Cameron Camire has filed a motion to reduce sentence on account of the new crack cocaine penalties. First, because he was sentenced in 2008, before the Fair Sentencing Act was enacted, he cannot benefit from the reduction of the statutory minimums. See United States v. Goncalves, 642 F.3d 245, 252 (1st Cir. 2011). As for the new and more lenient crack cocaine Guideline calculation, which is retroactive, although I said in denying a premature motion that Camire could reapply when and if the United States Sentencing Commission made the new Guideline retroactive, Order of Feb. 7, 2011 (Docket Item 36), it turns out that the retroactive amendment does not in fact benefit Camire. At sentencing in 2008, Camire was found responsible for 120.8 grams of crack cocaine, 2,336 grams of marijuana and 19.41 grams of Ecstasy, which were then converted into a total drug quantity of 2,428 kilograms of marijuana equivalent. At that time, that drug quantity would have resulted in a Base Offense Level of 32 (1,000 to 3,000 kilograms of

marijuana) but, pursuant to § 2D1.1 comment. n.10(D)(i), two levels were subtracted because the case involved both crack cocaine and at least one other type of drug. Thus, the Base Offense Level was 30. Camire then received a 2-level increase for possession of a dangerous weapon and a 3-level reduction for acceptance of responsibility, which resulted in a Total Offense Level of 29. In combination with his Criminal History Category of III, the guideline range was initially 108-135 months, but had to be adjusted to 120-135 months due to the statutory minimum mandatory penalty of 120 months. I granted a § 5K1.1 motion and reduced the sentence by 20% from the low end of the range (120 months) and imposed a sentence of 96 months.

Under the 2011 Drug Table and the new conversion factor of 1 gram of crack equals 3,571 grams of marijuana, the drugs listed above result in a revised total drug quantity of 443.43 kilograms of marijuana equivalent. That quantity produces a revised Base Offense Level of 28 (400 to 700 kilograms of marijuana). There is no longer a 2-level reduction for calculations involving both crack cocaine and other drugs. After applying the 2-level increase for possessing a gun and the 3-level decrease for acceptance, the revised Total Offense Level is 27. In combination with a Criminal History Category of III, the Guideline range initially is 87-108 months, but it must be adjusted to a straight 120 months due to the statutory minimum mandatory penalty. Since the revised range, 120 months, is the same point from which I measured the departure for the § 5K1.1 motion initially, Camire would receive the same

sentence now, and therefore does not qualify for a reduction under the amendment.

**SO ORDERED.**

**DATED THIS 8TH DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**
